UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:26-cv-00942-JAK (SKx) | Date | March 3, 2026 |
|---|---|---|---|
| Title | Edgar Murillo v. El Mofles, Incorporated et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|

| M. Lindaya | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**      **(IN CHAMBERS) ORDER DISMISSING STATE LAW CLAIMS**

## I.      Introduction

On January 29, 2026, Edgar Murillo ("Plaintiff") brought this action against El Mofles, Incorporated; Elizabeth Padilla, as Trustee of the Padilla Trust; and Does 1 to 10 (collectively, "Defendants"). Dkt. 1 (the "Complaint"). The Complaint advances the following causes of action: violation of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.* ("ADA"), violation of the Unruh Civil Rights Act, Cal. Civ. Code §§ 51–52 ("Unruh Act"), violation of the Disabled Persons Act, Cal. Civ. Code §§ 54–54.3, violation of the Cal. Health & Safety Code § 19955 *et seq.*, and negligence. *Id.* ¶¶ 18–49.

On February 9, 2026, an Order to Show Cause Re: Supplemental Jurisdiction Over State-Law Claims was issued. Dkt. 10 (the "OSC"). On February 23, 2026, Plaintiff filed a response to the OSC. Dkt. 11 (the "Response").

For the reasons stated in this Order, the exercise of supplemental jurisdiction over Plaintiff's state law claims is declined. Those claims are dismissed without prejudice to their being refiled in the appropriate California Superior Court.

## II.      Background

### A.      Parties

It is alleged that Plaintiff is a California resident with a physical disability. Dkt. 1 ¶ 1. The Complaint alleges that Plaintiff is unable to use his lower extremities and is substantially limited in his ability to walk. *Id.*

It is alleged that Defendants are, or were at the time of the incident, the real property owners, business operators, lessors and/or lessees of the real property for a muffler shop ("Business") located at or about 13231 Valley Blvd., City of Industry, California. *Id.* ¶ 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:26-cv-00942-JAK (SKx) | Date | March 3, 2026 |
|---|---|---|---|
| Title | Edgar Murillo v. El Mofles, Incorporated et al. | | |

B.    Factual Background

The Complaint alleges that the Business is open to the public and a place of public accommodation. *Id.* ¶ 11. It is alleged that Plaintiff visited the Business in or about November 2025 and "encountered a number of barriers that interfered with his ability to use and enjoy the goods, services, privileges, and accommodations offered at the Business." *Id.* ¶¶ 10, 12. Specifically, it is alleged that Defendants failed to maintain a parking space designated for persons with disabilities by failing to do the following: (1) maintain a parking space identification sign with the International Symbol of Accessibility; (2) maintain required signage, including "Van Accessible," "Minimum Fine $250" and "Unauthorized Parking"; (3) provide a van accessible parking space designated for persons with disabilities. *Id.* ¶ 13.

Following Plaintiff's visit to the Business, Plaintiff filed the present action. Plaintiff seeks the following remedies: injunctive relief under the ADA and Unruh Act; statutory damages, general damages, and treble damages; reasonable restitution for the unfair competition practices; an award of reasonable attorney's fees, litigation expenses, and costs of suit; and prejudgment interest pursuant to Cal. Civ. Code § 3291. *Id.* at 11–12.

III.    **Analysis**

A.    Legal Standards

Because federal courts are courts of limited jurisdiction, "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citing *California ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979)). Thus, jurisdiction over a party's claims must "be established as a threshold matter." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

District courts may exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). This "is a doctrine of discretion, not of plaintiff's right." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). "In order to decide whether to exercise jurisdiction over pendent state law claims, a district court should consider . . . at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 715 (9th Cir. 1990) (internal quotation omitted).

Courts have discretion to decline to exercise supplemental jurisdiction where "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). Where jurisdiction is declined because of "exceptional circumstances," the court must "articulate why the circumstances of the case are exceptional in addition to inquiring whether the balance of the *Gibbs* values [*i.e.*, 'economy, convenience, fairness, and comity'] provide compelling reasons for declining jurisdiction in such circumstances." *Exec. Software N. Am., Inc. v. U.S. Dist. Court*, 24 F.3d 1545, 1558 (9th Cir. 1994), *overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-00942-JAK (SKx) | Date | March 3, 2026 |
| Title | Edgar Murillo v. El Mofles, Incorporated et al. | | |

B.    Application

The ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Under the ADA, "damages are not recoverable . . . only injunctive relief is available." *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) (citing 42 U.S.C. § 12188(a)(1)).

The Unruh Act provides that "[a]ll persons . . . are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). It also states that "[a] violation of the right of any individual under the Americans with Disabilities Act of 1990 . . . shall also constitute a violation of this section." *Id.* § 51(f). Under the Unruh Act, actual damages—"in no case less than four thousand dollars"—are recoverable. *Id.* § 52(a). The Complaint alleges that there is supplemental jurisdiction over Plaintiff's "attendant and related" state law claims because the alleged violations arise "from the same nucleus of operating facts" as the ADA claim. Dkt. 1 ¶ 7.

"In 2012, in an attempt to deter baseless claims and vexatious litigation, California adopted heightened pleading requirements for disability discrimination lawsuits under the Unruh Act." *Velez v. Il Fornaio (Am.) Corp.*, No. 3:18-cv-1840 CAB (MDD), 2018 WL 6446169, at *6 (S.D. Cal. Dec. 10, 2018), *rev'd on other grounds*, 808 F. App'x 581 (2020). These heightened pleading requirements apply to actions alleging a "construction-related accessibility claim," which California law defines as "any civil claim in a civil action with respect to a place of public accommodation, including but not limited to, a claim brought under Section 51, 54, 54.1, or 55, based wholly or in part on an alleged violation of any construction-related accessibility standard." Cal. Civ. Code § 55.52(a)(1). California's heightened pleading standard for construction-related accessibility claims requires a plaintiff to include specific facts concerning the plaintiff's claim, including the specific barriers encountered or how the plaintiff was deterred and each date on which the plaintiff encountered each barrier or was deterred. *See* Cal. Code Civ. Proc. § 425.50(a). California law requires plaintiffs to verify their complaints alleging construction-related accessibility claims. *See* Cal. Code Civ. Proc. § 425.50(b)(1). A complaint alleging construction-related accessibility claims that is not verified is subject to a motion to strike. *Id.*

When a large number of these actions continued to be filed, California imposed additional limitations on "high-frequency litigants." These additional restrictions became effective on October 15, 2015. Under California law, a "high-frequency litigant" is defined as "[a] plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation." Cal. Code Civ. Proc. § 425.55(b)(1). The definition of high-frequency litigant also extends to attorneys. *See* Cal. Code Proc. § 425.55(b)(2). In support of its imposition of additional requirements on high-frequency litigants, the California Legislature found and declared as follows:

> According to information from the California Commission on Disability Access, more than one-half, or 54 percent, of all construction-related accessibility complaints filed between 2012 and 2014 were filed by two law firms. Forty-six percent of all complaints were filed by a total of 14 parties. Therefore, a very small number of plaintiffs have filed a disproportionately large number of the construction-related accessibility claims in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:26-cv-00942-JAK (SKx) | Date | March 3, 2026 |
|---|---|---|---|
| Title | Edgar Murillo v. El Mofles, Incorporated et al. | | |

state, from 70 to 300 lawsuits each year. Moreover, these lawsuits are frequently filed against small businesses on the basis of boilerplate complaints, apparently seeking quick cash settlements rather than correction of the accessibility violation. This practice unfairly taints the reputation of other innocent disabled consumers who are merely trying to go about their daily lives accessing public accommodations as they are entitled to have full and equal access under the state's Unruh Civil Rights Act (Section 51 of the Civil Code) and the federal Americans with Disability Act of 1990 . . .

Cal. Code Civ. Proc. § 425.55(a)(2).

In response to these "special and unique circumstances," (Cal. Code Civ. Proc. § 425.55(3)), California imposed a "high-frequency litigant fee" requiring high-frequency litigants to pay an additional $1000 filing fee, in addition to the standard filing fees, when the initial complaint was filed. Cal. Gov't Code § 70616.5. California law also requires complaints filed by high-frequency litigants to allege certain additional matters, including whether the action is filed by, or on behalf of, a high-frequency litigant, the number of construction-related accessibility claims filed by the high-frequency litigant in the preceding 12 months, the reason that the high-frequency litigant was in the geographic area of the defendant's business, and the reason why the high-frequency litigant wanted access the defendant's business. *See* Cal. Code Civ. Proc. § 425.50(a)(4)(A).

California's heightened pleading and filing requirements are not limited to accessibility related Unruh Act claims; they apply to all construction-related accessibility claims. Cal. Civ. Code § 55.52(a)(1) (" 'Construction-related accessibility claim' means any civil claim in a civil action with respect to a place of public accommodation, including, but not limited to, a claim brought under Section 51, 54, 54.1, or 55."); *see also Gastelum v. TJX Cos.*, No. 21CV1435-GPC(BLM), 2022 WL 2906492, at *8 (S.D. Cal. July 22, 2022) ("To the extent Plaintiff . . . seeks to . . . allege a violation of the Disabled Persons Act ("DPA"), Cal. Civ. Code § 54 *et seq.*, the heightened pleading requirement also applies to the DPA."); *Gastelum v. TJX Cos., Inc.*, No. 21-CV-06714-VKD, 2023 WL 411345, at *10 n.5 (N.D. Cal. Jan. 25, 2023) ("California's heightened pleading requirement also applies to the Disabled Persons Act."); *Gilbert v. Singh*, No. 1:21-CV-01338 AWI HBK, 2023 WL 2239335, at *2 (E.D. Cal. Feb. 27, 2023) (noting that a plaintiff's claims under "Cal. Health & Safety Code §§ 19955 and 19959 are 'construction-related accessibility claims' that are subject to the same pleading and filing requirements as Plaintiff's Unruh Act claim") (citing *Arroyo,* 19 F.4th at 1206).

California's heightened pleading standards and increased filing fees do not apply in a federal district court. Accordingly, plaintiffs can seek to sidestep the restrictions California has imposed on Unruh Act and other claims alleging construction-related accessibility claims by asserting supplemental jurisdiction as the basis to file an Unruh Act claim in federal court. They can do so by joining construction-related Unruh Act accessibility claims with an ADA claim for injunctive relief. Since the California limitations were enacted, the number of construction-related accessibility claims filed in the Central District has increased substantially. According to statistics compiled by the Clerk's Office, in 2013, the first year in which California's initial limitations on such cases were in effect, there were 419 ADA cases filed in the Central District, which constituted 3% of the civil actions filed. Filings of such cases increased from 928 cases (7% of civil cases) in 2014, the year before the imposition of the additional $1000 filing fee and additional pleading requirements for high-frequency litigants, to 1386 cases (10% of civil cases) in 2016, the first full year of those requirements. Through 2020, the number and percentage of such cases

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:26-cv-00942-JAK (SKx) | Date | March 3, 2026 |
|---|---|---|---|
| Title | Edgar Murillo v. El Mofles, Incorporated et al. | | |

filed in the Central District has increased in each year since the limitations on filings by high-frequency litigants were adopted. They reached 1670 cases (12% of civil cases) in 2017, 2720 cases (18% of civil cases) in 2018, 3595 cases (24% of civil cases) in 2019, and 4569 cases (28% of civil cases) in 2020. In 2021, there were 3000 ADA cases filed in the Central District (22% of civil cases).

The restrictions on the filing of construction-related accessibility claims reflected an intent to limit the financial burdens on businesses for claims seeking damages under the Unruh Act. A review of the docket in this District shows that, during the one-year period preceding the filing of the Complaint, Plaintiff's counsel filed more than ten actions in which it has advanced construction-related accessibility claims. In response to the OSC, Plaintiff's counsel filed a declaration stating that the So. Cal. Equal Access Group likely also qualifies as a high-frequency litigant because it was the attorney of record in ten or more actions brought by high-frequency litigants that were resolved within the one-year period immediately preceding the filing of the Complaint. Dkt. 11-1 ¶ 2.

In the Superior Court, Plaintiff's counsel would be deemed a high-frequency litigant. By filing actions in this District, Plaintiff's counsel has avoided those limitations. As the Ninth Circuit has concluded, this presents "exceptional circumstances" for purposes of § 1367(c)(4):

> The district court's principal justification for declining supplemental jurisdiction was that the distinctive configuration of California-law rules—which pair a damages remedy with special procedural requirements aimed at limiting suits by high-frequency litigants—would be rendered ineffectual if the district court were to exercise supplemental jurisdiction. We hold that the district court did not abuse its discretion in concluding that, for this reason, this case presents "exceptional circumstances" within the meaning of § 1367(c)(4).

*Arroyo v. Rosas*, 19 F.4th 1202, 1211 (9th Cir. 2021).[1]

Based on the foregoing, "exceptional circumstances" justify exercising discretion to decline

---

[1] As *Arroyo* also explained: "[W]e note that the available date from the California Commission on Disability Access confirms the dramatic shift of disability-related cases from state to federal court . . . [T]he Commission's data show that in 2015, more state complaints were received than federal complaints (1,240 state complaints versus 1,083 federal complaints), but by 2019, the number of state complaints had dropped so dramatically that the ratio of federal to state complaints was now more than 10:1 (311 state complaints versus 3,211 federal complaints)." 19 F.4th at 1212 n.5.

"[A]s the district court explained, Unruh Act plaintiffs have 'evaded these limits' by filing in a federal 'forum in which [they] can claim these state law damages in a manner inconsistent with the state law's requirements.' In short, the procedural strictures that California put in place have been rendered largely toothless, because they can now be readily evaded. These circumstances are 'exceptional' in any meaningful sense of the term . . . And failing to recognize them as exceptional would improperly ignore the very substantial threat to federal-state comity that this overall situation presents. . . . [T]he district court rested its decision squarely on the comity-based concerns that California's policy objectives in this area were being wholly thwarted and its courts were being deprived of their crucial role in carrying out the Legislature's reforms of the Unruh Act. The mechanism by which that frustration of California's goals occurred was the wholesale shifting of cases from state to federal court, and the district court therefore can hardly be faulted for noting the federal-court burdens that resulted as a collateral consequence. But that does not vitiate the district court's proper reliance on the exceptional comity-based concerns presented here." *Id.* at 1213.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:26-cv-00942-JAK (SKx) | Date | March 3, 2026 |
|---|---|---|---|
| Title | Edgar Murillo v. El Mofles, Incorporated et al. | | |

supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(c)(4). Similarly, the required case-by-case analysis shows that, at this early stage of the litigation, declining to exercise supplemental jurisdiction over Plaintiff's state law claims in these circumstances presents "compelling reasons" and supports the values of judicial economy, convenience, fairness, and comity. *See id.* at 1205; *see also Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017) ("As a high-frequency litigant, the Court finds it would be improper to allow Plaintiff to use federal court as an end-around to California's pleading requirements. Therefore, as a matter of comity, and in deference to California's substantial interest in discouraging unverified disability discrimination claims, the Court declines supplemental jurisdiction over Plaintiff's Unruh Act claim."); *Schutza*, 262 F. Supp. 3d at 1031 ("It is unclear what advantage—other than avoiding state-imposed pleading requirements—Plaintiff gains by being in federal court since his sole remedy under the ADA is injunctive relief, which is also available under the Unruh Act.").

California has enacted laws restricting construction-related accessibility claims, that treat such claims differently than other actions. Many defendants voluntarily bring their places of public accommodation into compliance with ADA standards during the pendency of these actions. This often makes moot the request for injunctive relief under the ADA. Therefore, by declining to exercise supplemental jurisdiction over the state law claims at the outset of the litigation, federal judicial resources are conserved, while plaintiffs may pursue these claims in an appropriate Superior Court.

Exercising discretion to decline supplemental jurisdiction does not deprive Plaintiff of any remedies. Nor does it allow an ADA claim for injunctive relief to go unaddressed. The ADA claim remains pending here. Instead, by declining to exercise supplemental jurisdiction, the balance Congress struck when it enacted the ADA and provided a private right of action for injunctive relief and an award of attorney's fees, but not statutory damages, is recognized.

## IV.    Conclusion

For the foregoing reasons, Plaintiff's causes of action for alleged violations of the Unruh Act, the California Disabled Persons Act and the California Health and Safety Code, and Plaintiff's cause of action for negligence, are **DISMISSED**; provided, however, this Order is stayed for 30 days following its entry so that Plaintiff may refile these state law claims in an appropriate Superior Court while they remain pending here.

**IT IS SO ORDERED.**

                                                                 :  _____

                                        Initials of Preparer     JAKLC2